## United States District Court, Northern District of Illinois

Minute Order Form (06/97)

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6904 | **DATE** | 11/10/2003 |
| **CASE TITLE** | Solaia Technology vs. Rockwell Automation, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order regarding motion of non-party Specialty Publishing Company to quash subpoena duces tecum [1-1]. Status hearing is set for 12/11/03 at 9:30 a.m. for parties to report on the status of the case pending in the Eastern District of Wisconsin.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 1 2 2003 date docketed | 5 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 03 NOV 10 PM 5:28 | 11/10/2003 date mailed notice | |
| MD | courtroom deputy's initials | FILED FOR DOCKETING 1-03 Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SOLAIA TECHNOLOGY, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ROCKWELL AUTOMATION, INC., ) <br> ROCKWELL SOFTWARE, INC., ) <br> OPC FOUNDATION, ARVINMERITOR ) <br> and JOHN DOES, ) <br> ) <br> Defendants. ) <br> ) | No. 03 C 6904 <br> Judge Joan H. Lefkow <br><br> DOCKETED <br><br> NOV 1 2 2003 |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of non-party Specialty Publishing Company ("Specialty") to quash the subpoena duces tecum served on it by plaintiff, Solaia Technology, LLC, ("Solaia"), in the above captioned case now pending in the Eastern District of Wisconsin, case number 03 C 0939. This case was originally brought by Solaia against the defendants in this court on January 24, 2003 alleging, *inter alia*, violation of federal antitrust laws. The case was assigned to the Honorable Joan B. Gottschall. On July 18, 2003, Solaia served the subpoena duces tecum at issue on Specialty. On August 1, 2003, Specialty filed a motion under Federal Rule of Civil Procedure 45(c)(3)(A) to quash Solaia's subpoena duces tecum on grounds that the documents sought are protected by the reporter's privilege. Thereafter, on September 2, 2003, Judge Gottschall issued an order transferring the case to the Eastern District of Wisconsin and denying all pending motions (including Specialty's motion to quash) as moot. Specialty then brought this ancillary action on September 30, 2003, asking the court first to reinstate its motion to quash the

subpoena duces tecum because the Eastern District of Wisconsin has no authority either to enforce or quash the subpoena. This court granted Specialty's motion to reinstate and further gave the parties leave to complete briefing of the issues. Currently, the motion to quash is fully briefed and ready for decision.

Specialty is the publisher of *Start* magazine, which reports on issues of interest to manufacturers. Solaia is the owner of United States Patent No. 5,038,318 and has sued several manufacturers for infringement of that patent. Beginning in April 2002, Specialty published in *Start* a number of articles and an anonymously published letter to the editor concerning this patent litigation and a related antitrust suit that was brought by Rockwell Automation Inc. ("Rockwell") against Solaia and its counsel. The underlying case now pending in Wisconsin was brought by Solaia against Rockwell and others alleging violations of federal antitrust laws and supplemental state law claims.[1] In conjunction with this litigation Solaia served the subpoena duces tecum at issue here on Specialty seeking production of

1. All documents, including any tape recordings, notes or email constituting or relating to correspondence with Rockwell Automation, Rockwell Software, ArvinMeritor, Conoco, Inc., Conoco, Inc., the OPC Foundations and/or any of their attorneys relating to (a) Solaia; (b) Solaia's 318 patent; and/or (c) Solaia's claims for patent infringement.
2. All communications with the author of the letter regarding Solaia titled, "Solaia Mess", published in the January 2003 issue of Start Magazine, including all documents relating to the author's identity (including any e-mail address and/or telephone numbers).

(Speciality Ex. 3.)

---

[1] Solaia has also filed suit against Specialty in the Circuit Court of Cook County, Illinois, alleging defamation and tortious interference. The defamation claim was dismissed by the Illinois court, while the tortious interference claim is still pending.

Specialty believes that the subpoena duces tecum should be quashed because the documents and information sought are protected either by the Illinois statutory reporter's privilege, 735 ILCS 5/8-901, or federal privilege law grounded in the First Amendment. Moreover, Specialty argues that to the extent federal privilege law does not apply and the Illinois reporter's privilege is inapplicable to any federal claims, the court should defer ruling until after any motions to dismiss the federal antitrust claims are decided in the underlying action.

Starting with Specialty's claim under the Illinois reporter's privilege, the Seventh Circuit has recently spoken on the applicability of the Illinois reporter's privilege in federal question cases. In *McKevitt* v. *Pallasch*, 339 F.3d 530 (7th Cir. 2003), the court confirmed that "State-law privileges are not 'legally applicable' in federal-question cases like this one." *Id.* at 533. Therefore, since Specialty brings antitrust claims which arise under federal law, the Illinois statutory reporter's privilege cannot serve to protect Specialty from disclosure in this case.

With respect to Specialty's claim that disclosure is protected under federal privilege law rooted in the First Amendment, this issue was also addressed in *McKevitt*. The Seventh Circuit stated that,

> It seems to us that rather than speaking of privilege, courts should simply make sure that a subpoena duces tecum directed to the media, like any other subpoena duces tecum, is reasonable in the circumstances, which is the general criterion for judicial review of subpoenas.

*McKevitt*, 339 F.3d at 533. The court further explained that "[w]hen the information in the reporter's possession does not come from a confidential source, it is difficult to see what possible bearing the First Amendment could have on the question of compelled disclosure." *Id.*; *see also*,

3

*Gonzales* v. *NBC*, 155 F.3d 618, 626 (2d Cir. 1998) ("Our holding today is that there is no journalists' privilege for nonconfidential information.").

The information sought to be disclosed in Solaia's subpoena duces tecum consists of some confidential and some non-confidential information. For example, there can be no dispute that tapes of communications between *Start* and defendants Rockwell and OPC Foundation are not confidential, as the sources of any information would be known. The same applies to written communications between Start, Rockwell and OPC. This information is not from a confidential source and would not be protected under the First Amendment, nor can any subpoena dues tecum requesting disclosure of such information be viewed as unreasonable. As such, Specialty's claim on this ground to quash the subpoena duces tecum as it relates to any information from a nonconfidential source is denied.[2]

There is, however, the matter of the anonymously published letter, for which there can be little question the source is confidential. Indeed, Solaia glosses over the confidentiality of the author's identity in its argument and presents no persuasive reason to suggest that the identity is not protected. Accordingly, the identity of the author of the unpublished letter, and any documents related thereto, are properly protected from disclosure and the subpoena duces tecum will be quashed to the extent it seeks such disclosure.

---

[2] In its reply Specialty also argues that any communication between Specialty, Conoco or ArvinMeritor should not be disclosed because Solaia has not established how these documents are relevant. Speciality notes that Solaia in its response argues only that Rockwell and the OPC Foundation used *Start* magazine and enlisted *Start's* cooperation and that no such assertion is made for either Conoco or ArvinMeritor. Solaia's response, however, states that all defendants were part of a plan to misinform the public about the Solaia patent and that the companies planned to bond together to refuse to deal with Solaia. Thus, the court believes Solaia has made out the minimal showing necessary to establish the relevance of materials in discovery. *See* Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

4

The court must also address, however, Specialty's argument that at the very least the court should reserve ruling on the motion to quash because of what Specialty's calls "the questionable viability of Solaia's purported antitrust claims." While this case was pending before Judge Gottschall, the defendants filed a motion to dismiss. The motion was fully briefed and awaiting ruling when Judge Gottschall transferred this case to the Eastern District of Wisconsin, thereby denying the motion as moot. Specialty expects the defendants to renew their motion before the transferee court, and states that if the motion is granted the only remaining claims that relate to *Start* magazine would be Solaia's state-law claims for defamation and tortious inference. Specialty represents that if the federal claims are dismissed, this case would then become a diversity action where the Illinois statutory reporter's privilege would apply. *E.g.*, *Abbott Labs.* v. *Alpha Therapeutic Corp.*, 200 F.R.D. 401, 404 (N.D. Ill. 2001) ("[I]n civil actions or proceedings with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness shall be determined in accordance with State law.") (quoting Fed. R. Evid. 501). Specialty illustrates the significance of such a development because it reasons that the Illinois statutory privilege would protect all sources from disclosure, not simply those that are confidential. *See People* v. *Slover*, 323 Ill. App. 3d 620, 623, 753 N.E. 2d 554, 556-57 (2001) ("In Illinois, reporters have a statutory, qualified privilege protecting their sources, whether confidential or nonconfidential, from compelled disclosure.").

It is currently unclear whether defendants have in fact moved to dismiss. Nevertheless, the court can discern no prejudice to Solaia in reserving ruling on the motion to quash until it is established that the federal antitrust claims properly state a claim. The question as presented here is significantly changed based on whether the suit is one arising under federal or state law. If the

5

federal antitrust suit is valid, then as stated above the Illinois statutory privilege is inapplicable and all non-confidential information is not protected from disclosure. If the suit is one not arising under federal law, then there is an argument to be made that the Illinois privilege may be applicable, and both confidential and non-confidential information may be protected. Accordingly, the court will reserve ruling on this ancillary action until further developments take place in the underlying action in Wisconsin. This case will be called for status on December 11, 2003 at 9:30 a.m., at which time the parties shall report on the status of the Wisconsin action, including whether a motion to dismiss the federal antitrust claims has been filed. If such a motion has been filed and is awaiting ruling, the court will enter a stay on this ancillary action pending ruling on that motion. If a motion to dismiss has not been filed, this motion to quash will be granted in part and denied in part as set out above.

Enter: /s/ Joan Humphrey Lefkow
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: November 10, 2003